# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2255 | **DATE** | January 20, 2004 |
| **CASE TITLE** | Advanced Fresh Concepts et al v. Lwin Family Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at_____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss or transfer [4-1] is denied. The case is set for status conference on January 28, 2004 at 11:00 a.m. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| X | Notices MAILED by judge's staff. | | | JAN 21 2004 | |
| | Notified counsel by telephone. | | | date docketed | 10 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to _____ | | | date mailed notice | |
| KAM | courtroom deputy's initials | | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

03-2255.041-JCD                                            January 20, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ADVANCED FRESH CONCEPTS FRANCHISE )
CORPORATION, a California )
corporation, and ADVANCED FRESH )
CONCEPTS CORPORATION, a California )
corporation, )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )   No. 03 C 2255
                                   )
LWIN FAMILY COMPANY, d/b/a HISSHO  )
SUSHI, a North Carolina            )
corporation,                       )
                                   )
          Defendant.               )

## MEMORANDUM OPINION

Before the court is the motion of defendant Lwin Family Company ("Lwin") to dismiss "for filing in the improper venue or, in the alternative, to transfer on the basis of forum non-conveniens." The motion is purportedly brought under both 28 U.S.C. §§ 1404(a) and 1406(a), but the defendant's briefs reflect a misunderstanding of these statutes by conflating the two distinct concepts of improper venue and proper, but relatively inconvenient, venue.

"A prerequisite to invoking § 1406(a) is that the venue must be improper. The statute speaks of 'a case laying venue in the wrong division or district.' If the original forum was a proper venue, § 1406(a) cannot apply and 28 U.S.C.A. § 1404(a) is the



relevant statute." 15 Charles Alan Wright et al., Federal Practice and Procedure § 3827 (2d ed. 1986).

Although defendant frequently uses the term "improper venue" in its argument, it concedes a fact indicating that venue is proper here. When jurisdiction is based on diversity, as it is in this case, a suit may brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). A corporate defendant is deemed to "reside" wherever it is subject to personal jurisdiction at the time the suit is brought. 28 U.S.C. § 1391(c). There is only one defendant, Lwin, and it concedes that it is subject to personal jurisdiction here because it does business in Illinois (and in the Northern District of Illinois). (Defendant's Memorandum in Support of its Motion at 7.) Therefore, venue is proper under § 1391(a)(1).

The real thrust of Lwin's motion is a § 1404(a) argument that Illinois is not the most convenient forum because Lwin's principal place of business is in North Carolina and that of plaintiff is in California. It is not clear at this point, however, what factual

issues will have to be tried, and it is not possible to identify the witnesses whose appearance at trial will be necessary. Accordingly, defendant's motion to transfer is denied as premature. When the case is ready for trial, the transfer motion can be renewed if it appears that there will be a more convenient forum than this district.

### **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss or transfer is denied. The case is set for a status conference on January 28, 2004, at 11:00 a.m.

Date:     January 20, 2004

ENTER: _____
John F. Grady, United States District Judge